

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

ERALD C. MANN
WILL WILSON
ATTORNEY GENERAL

Honorable C. H. Cavness
State Auditor
Austin, Texas

Dear Sir:

                Opinion No. O-4907
                Re:  Bank overdraft in the local funds
                     of State Educational Institutions.

This will acknowledge receipt of your letter of October 5, 1942, requesting the opinion of this department, from which we quote as follows:

"In connection with annual audits, now being made by this department, of the books and records of the various State Educational Institutions we have encountered a practice, on the legality of which we need your opinion in order to make proper comment and recommendation in our Reports.

"This is a practice (which, incidentally, is not general) of issuing checks against Local Fund bank accounts is which there are not sufficient balances to pay the checks. In other words these are financial transactions which result in actual bank overdrafts in certain of the Local Funds which are subject to appropriation, and reappropriation, by the Legislature - a method of financing by the college which may be questionable under existing statutes as it appears to have the effect of supplementing Legislative appropriations as well as perhaps extending the State's credit. Naturally the recipients of these checks hold them, or the bank pays them, in anticipation of future collections of Fees of other revenues, etc. We shall appreciate your answer to the following questions:

"(1) Is it legal for the Finance Officers of a State Educational Institution to issue checks against bank accounts in which there are not sufficient balances at the time to cover, on Local Fund Accounts which are subject to Legislative appropriation?

"(2) If the answer to question No. 1 indicates an illegal practice, what is the legal status of any and all such checks?

"We believe your answer to these questions probably would not be affected by the attitude or action of the bank on which the checks had been drawn, that is, whether or not they had actually paid the

Honorable C. E. Cavness - Page 2. 0-4907

checks with a resulting overdraft in the bank's own accounts. Actually in one instance we find a National bank paying those checks as presented and carrying in their books an overdraft account of approximately $13,000.00 on August 31st, 1942, a situation that has been more or less continuous in this particular instance, with the bank having been furnished no security to cover these overdrafts by the college. If our assumption that the attitude and acts of the bank have no bearing upon the answer to the above questions is incorrect, we shall be pleased to have you take that into consideration."

The answer to the two questions propounded in your request for an opinion calls for an interpretation of Article 2654d, Texas Civil Statutes.

We have been unable to find an interpretation of this statute by any of the courts of this State, therefore our answers to your request for an opinion are based on general legal principles as applied to the fact situation set out in your letter.

Article 2654d was enacted by the Legislature in 1935. This statute provides that the governing boards of the several State educational institutions therein mentioned may retain control of the local institutional income in carrying out the functions of an educational institution, and to select depository banks therefor; that true and full accounts shall be kept by said boards, and by the employees of such institutions of all money collected and paid out, the persons to whom paid, and the purposes for which paid; that complete reports should be printed biennially, etc., copies of which are to be furnished to the state officials therein named. It is further provided that this law shall be subservient to the biennial appropriation bills for the support of the several institutions therein mentioned.

Sec. 1, (a) of the acts of the legislature in 1941, making appropriations for educational institutions of higher learning reads as follows:

"That all balances in the institutional fund of the several State Educational Institutions named in the act, at the close of the fiscal year ending August 31, 1941, including balances in the revolving fund at that time, and the entire income to said funds during each of the two fiscal years ending August 31, 1942, and August 31, 1943, which are not otherwise appropriated for either or both of said years are hereby appropriated for the support, maintenance, operation, and improvement of said State Institutions during each of said years, respectively."

We do not find anything in said statute nor in the said appropriation bill that restricts the school authorities of the educational institutions in question in drawing checks on the local fund bank accounts during the fiscal year, within the limit of appropriation for the year, but we think that said school authorities cannot lawfully draw checks on such funds during any fiscal year in excess of the appropriation made by the legislature for that year.

e are of the opinion that checks drawn on local fund bank accounts in excess of the appropriation, by said school authorities, during any fiscal year, that are outstanding and unpaid at the end of the fiscal year, are invalid and cannot be paid out of the future revenues of such institutions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ L. P. Price

By
    E. P. Price
    Assistant

jp

APPROVED DEC. 1942

s/ Gerald C. Mann

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY B. W. B.
CHAIRMAN